# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2020

Lyle W. Cayce
Clerk

No. 19-60182
Summary Calendar

Nevin Kerr Whetstone,

*Plaintiff—Appellant*,

*versus*

Angela Brown, *Certified Nurse Practitioner/Medical Contractor*, Centurion MHM; Pam Jarrett, *Certified Nurse Practitioner/Medical Contractor*, Centurion MHM; Hill, *Certified Nurse Practitioner*, Wexford Medical; Centurion of Mississippi,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:17-CV-158

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60182

Nevin Kerr Whetstone, Mississippi prisoner # 56663, filed a 42 U.S.C. § 1983 complaint against Pelicia Hall, Richard Pennington, Dr. Woodard, Nurse Hill, Angela Brown, and Pamela Jarrett. Whetstone alleged that his sacrum locked in the wrong position when he was young and, that since that time, his spine has continued to degenerate. He complained that he was not receiving adequate care for the condition while he was incarcerated in Mississippi prisons.

The magistrate judge (MJ) found that Whetstone did not allege any personal involvement on the part of Hall and dismissed the claims against her for failure to state a claim. The claims against Pennington were dismissed for failure to state a claim because Whetstone complained only that Pennington did not adequately process his grievance. The MJ dismissed Whetstone's claims against Dr. Woodward and Nurse Hill as barred by the statute of limitations. The MJ granted summary judgment in favor of Brown and Jarrett, finding that Whetstone failed to exhaust administrative remedies as to his claims against them and, alternatively, that he did not show deliberate indifference to his serious medical needs.

In his initial brief, Whetstone argues only that he should be given counsel because he cannot file a brief due to relentless pain. In his reply brief, Whetstone briefly states that he was not required to exhaust administrative remedies and asserts that he established a claim of deliberate indifference.

Because Whetstone completely fails to brief the MJ's reasons for dismissing claims against Hall, Pennington, Dr. Woodard, and Nurse Hill, any challenge to the dismissal of those claims is abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). Additionally, his conclusory assertions fail to show that he should be excused from the exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *see also* FED. R. CIV. P. 56(a). We need not reach the alternative grounds for dismissal. *See Walker v. Thompson*,

2

No. 19-60182

214 F.3d 615, 624-25 (5th Cir. 2000), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006); *Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994).

The judgment is AFFIRMED. Whetstone's motion for the appointment of counsel is DENIED.